EX PARTE JESSE HAYS.

No. 2389. Decided October 30, 1901.

**1.—Magistrate—Examining Court—Practice as to Binding Over Accused.**

A magistrate sitting as an examining court in felony cases is authorized to hold an accused to bail to the next ensuing term of the district court if no court is in session, or for his appearance before the district court then in session, if said court be in session. Quaere, as to his authority, to bind him over to the next ensuing term of the district court when such court was then in session.

**2.—Habeas Corpus—Practice.**

On habeas corpus, where an accused had been bound over by the examining court to the next ensuing term of the district court, which court was at the time in session, two courses were open to the trial judge, either to recall the grand jury or to hold accused to bail for his appearance at the next ensuing term of the district court, and in adopting the latter course, his action is justified under our statutes and decisions.

Appeal from the District Court of De Witt. Tried below before Hon. J. C. Wilson.

Appeal from a judgment and order of the district judge on a habeas corpus proceeding, holding accused to bail for his appearance at the next ensuing term of the district court.

The opinion states the case.

No brief on file for relator.

*Rob't A. John,* Assistant Attorney-General, for respondent.

HENDERSON, JUDGE.—This is an appeal from an original habeas corpus proceeding before the District Court of DeWitt County. There is no statement of facts in the record. It appears from the return to the writ of habeas corpus, which was granted by Judge Wilson on the 11th day of June, 1901, that applicant had previously, to wit, on the 11th of June, 1901, been arrested on a charge of theft from the person and tried before one A. W. Stokes, justice of the peace of precinct No. 1 of De Witt County. The writ issued by said justice required the sheriff or any constable of De Witt County to take applicant into custody on said charge, and him safely keep to appear at the next term of the District Court of De Witt County, to be held at Cuero on the 6th day of January, 1902, unless he gave bond in the sum of $200, etc. The writ of habeas corpus, it appears, was sued out before the District Court of De Witt County, then holding session. We gather from this that applicant sought enlargement by virtue of the writ of habeas corpus, because he should have been bound over for his immediate appearance before the District Court, then being in session, instead of being held to answer to the next subsequent term of the District Court, to be held on the 6th of January, 1902. The district judge, however, took a different view of this matter, and held him to appear, as did the justice of the peace, to the next ensuing term of the District Court, to be held on the 6th of January, 1902.

In so far as the action of the magistrate is concerned, we fail to find any statute in terms authorizing him to require of defendant a bond to answer to the next ensuing term of the court or to the term of the District Court then in session. But such is the usual practice, and seems to be in accord with the various provisions of our Code of Criminal Procedure regulating the action of committing magistrates in felony cases. Article 329, Code of Criminal Procedure, requires that he grant bail conditioned for defendant's appearance before the proper court. And see, also, article 296. Article 335, Id., requires him to certify to all the proceedings had before him, and to transmit them, sealed up, to the court before which it is subject to be tried upon indictment or information, etc.; and further requires that he shall deliver these papers to the clerk of the proper court without delay. These and other statutes would seem by intendment to authorize the committing magistrate, where he holds a party to bail, to require his appearance at the next ensuing term of the district court, if no court be then in session; or for his appearance before the district court then in session, if one be in session. Here, however, for some reason not disclosed in the record, although the examining trial took place while the District Court was then in session, the magistrate required bail for the appearance of defendant at the next ensuing term of the court. In the absence of any reason shown to the contrary, we must indulge the presumption that for some good cause bail was required of defendant to the next ensuing term of the court, and not to the court then in session. It may be that the grand jury, having completed its labors, had adjourned, and to bind him over to that term would have been useless, as no indictment could be preferred against him unless the grand jury should be recalled. But, if it be conceded that the magistrate should have held him to bail to the term of the court then in session, and that appellant was authorized to sue out a writ of habeas corpus before the District Court on the ground that the magistrate had no right to bind him over to an ensuing term of the court, yet when the writ was issued, and he was brought before the district judge, the question arises, what disposition should then be made of his case? Of course, if the grand jury was then in session, and no other legal cause existed why appellant's case should not go before that grand jury, it would have been the duty of the district judge to send the case before that tribunal. However, if the grand jury had adjourned for the term, and the court was about adjourning, ought the district judge enlarge defendant on that account? Two courses were open to him,—either to recall that grand jury, or hold him to bail for his appearance at the next ensuing term of the District Court. For some good reason the district judge chose the latter course. In this he was justified under our statutes and decisions. See article 196, Code Crim. Proc.; Ex parte Swain, 19 Texas Crim. App., 323. We think this is also in consonance with article 629, Code Crim. Proc.

There being no error in the record, the judgment is affirmed.

*Affirmed.*